IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL RONALD MOORE, | : | Civil No. 1:24-CV-01845 |
| Plaintiff, | : | |
| v. | : | |
| JENNIFER HOLTZAPPLE, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is Plaintiff Earl Ronald Moore's amended complaint bringing a Federal Tort Claim Act ("FTCA") claim, and a due process and failure to treat claim against Jennifer Holtzapple ("Defendant"), a nurse at United States Penitentiary Allenwood ("USP-Allenwood") in Waymart, Pennsylvania. (Doc. 12.) Plaintiff is a self-represented litigant and is proceeding *in forma pauperis*. (Doc. 7.) The court will dismiss the FTCA claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief can be granted and serve the complaint on Defendant to address the remaining due process and failure to treat claims.

### BACKGROUND

On October 25, 2024, the court received and docketed Plaintiff's complaint raising a FTCA claim against Defendant for giving him the incorrect medication on November 1, 2021. (Doc. 1.) Plaintiff also filed an application to proceed *in*

1

*forma pauperis*. (Doc. 2.) The court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because an FTCA claim can only be raised against the United States, and Plaintiff had identified Holtzapple as the only defendant. (Doc. 7.)

Plaintiff filed an amended complaint, containing two separate complaint forms and a letter, on February 5, 2025 raising an FTCA claim, and a due process claim and failure to treat claim against Defendant Holtzapple. (Docs. 12, 12-1, 12-2.) Again, he did not name the United States as a defendant. (*Id.*) The alleged facts are difficult to ascertain across the three documents. Essentially, the court gleans that Plaintiff is alleging that in 2021, he sought treatment from Defendant for pain and an extended stomach, she allegedly provided the incorrect or ineffective medication, and Plaintiff was subsequently hospitalized and required surgery. (*Id.*)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at USP-Allenwood in Union County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

**A. The FTCA Claim Will Be Dismissed With Prejudice.**

Plaintiff has raised a claim pursuant to the FTCA for a second time.  (Doc. 12, p. 1.)[1]  "The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."  *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018) (citing *Berkovitz v. United States*, 486 U.S. 531, 536, (1988); 28 U.S.C. §§ 2671–2680).  However, it "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'"  *See Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)).

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

The United States is the only proper defendant in an FTCA suit. *See, e.g., Brownback v. King*, 141 S.Ct. 740, 746 (2021) (explaining that, when Congress passed the FTCA, it waived the sovereign immunity of the United States, so that parties can sue the United States directly for harms caused by its employees); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), as amended (Sept. 29, 2008), (noting that "[t]he Government is the only proper defendant in a case brought under the FTCA"). Here, Plaintiff is attempting to raise a negligence claim against a federal employee and identifies the claim as filed under the FTCA in the complaint. However, has not named the United States as a defendant. (Doc. 1.) Because Defendant Holtzapple cannot be named as a party to an FTCA claim, the court must dismiss the FTCA claim against Defendant Holtzapple with prejudice pursuant to *Brownback* and 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. The *Bivens* Claims

While Plaintiff clearly identifies his claims as falling under the FTCA, the court is required to liberally construe the complaint. Turning to the text of the two complaint forms and the letter associated with the forms, Plaintiff references the Fourteenth Amendment and the Eighth Amendment as other possible causes of action. (Docs. 12, 12-12, 12-2.)

Because Defendant is an employee of USP-Allenwood, any constitutional claims raised against Defendant must be raised under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3rd Cir. 2018). Without making any determination as to the validity of the *Bivens* claims raised in Plaintiff's amended complaint, the court will allow the *Bivens* claims for a violation of due process and failure to treat to be served on Defendant.

## Conclusion

For the reasons stated above, the FTCA claim against Defendant will be dismissed with prejudice. The court will order the amended complaint to be served on Defendant as to the pending *Bivens* claims.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 9, 2025