IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL RONALD MOORE, | : | Civil No. 1:24-CV-01845 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENNIFER HOLTZAPPLE, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is an unopposed motion to dismiss or, in the alternative, motion for summary judgement, filed by Jennifer Holtzapple ("Defendant"). Because Earl Ronald Moore ("Plaintiff") has not responded to this motion despite Local Rules requiring a response and multiple court orders directing a response, the court will deem the motion unopposed. The court will grant Defendants' motion, dismiss the complaint, and close the case.

### BACKGROUND AND PROCEDURAL HISTORY

On October 25, 2024, the court received and docketed Plaintiff's complaint raising a claim under the Federal Tort Claims Act ("FTCA") against Defendant for giving him the incorrect medication on November 1, 2021. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. 2.) The court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because an FTCA claim can only be

1

raised against the United States, and Plaintiff had identified Holtzapple as the only

defendant. (Doc. 7.)

Plaintiff filed an amended complaint, containing two separate complaint

forms and a letter, on February 5, 2025 raising an FTCA claim, a due process

claim, and failure to treat claim against Defendant Holtzapple. (Docs. 12, 12-1,

12-2.) Again, he did not name the United States as a defendant. (*Id*.) The court

found the alleged facts difficult to ascertain across the three documents, but

concluded that Plaintiff was alleging that he sought treatment from Defendant in

2021 for pain and an extended stomach, that she allegedly provided the incorrect or

ineffective medication, and that Plaintiff was subsequently hospitalized and

required surgery. (Docs. 12, 12-1, 12-2, 13.)

On June 9, 2025, the court screened the amended complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), dismissed all FTCA claims and allowed the due process

and the failure to treat claims brought pursuant to *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) to proceed.

(Docs. 13. 14.) The court then served Defendant Holtzapple a copy of the

complaint. (Doc. 14.)

On August 7, 2025, Defendant Holtzapple filed a motion to dismiss the

complaint or, in the alternative, a motion for summary judgment. (Doc. 17.) On

August 21, 2025, she filed a brief in support and a statement of facts on August 21,

2025.  (Docs. 21, 22.)  On August 29, 2025, the court entered an order notifying

Plaintiff that the motion to dismiss was converted into a motion for summary

judgment pursuant to Fed. R. Civ. P. 12(d) and granted Plaintiff until September

12, 2025 to file a brief in opposition and a response to the statement of material

facts.  (Doc. 23.)  No brief or response was received from Plaintiff.  On September

26, 2025, the court filed an order granting Plaintiff an opportunity to respond to the

pending motion until October 27, 2025.  (Doc. 24.)  To date, Plaintiff has not filed

any response.

## DISCUSSION

### A. Under the Rules of This Court Defendant's Motion Is Deemed Unopposed.

Under the Local Rules of this court, Plaintiff is deemed to not oppose the

motion to dismiss and motion for summary judgment since he has failed to timely

oppose the motion or otherwise litigate this case.  This procedural default

completely frustrates and impedes efforts to resolve this matter in a timely and fair

fashion, and under the rules of this court Plaintiff's failure to respond warrants

dismissal of the action.[1]  Local Rule 7.6 imposes an affirmative duty on Plaintiff

to respond to motions:

> Any party opposing any motion, other than a motion for summary
> judgment, shall file a brief in opposition within fourteen (14) days after
> service of the movant's brief, or, if a brief in support of the motion is

---

[1] The court will nonetheless address the merits of the case.

not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" *Williams v. Lebanon Farms Disposal, Inc.*, No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)) (internal quotations omitted). In this case, Plaintiff has not complied with the Local Rules, or this court's order, by filing a timely response to Defendants' motion. Therefore, these procedural defaults by the plaintiff compel the court to consider the following:

[A] basic truth: we must remain mindful of the fact that the Federal Rules are meant to be applied in such a way as to promote justice. *See,* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . ."

*Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir.1998)).

In this case, Plaintiff has failed to comply with Local Rule 7.6 by not filing a timely response to Defendant's motion.  This failure compels the court to apply the sanction called for under Local Rule 7.6, deeming the motion to be unopposed. Under Local Rule 56.1, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  Therefore, the court deems the motion unopposed and the facts set forth by Defendant Holtzapple as admitted.

### B. Defendant's Motion for Summary Judgment Will Be Granted

Defendant seeks summary judgment in this action because Plaintiff did not exhaust his administrative remedies.  The court agrees.

### 1.  Summary Judgment Standard

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case."  *Thomas v.*

*Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or

6

suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## 2. Admitted Material Facts

Plaintiff's amended complaint alleges that Defendant gave him the wrong medication, which resulted in him being hospitalized on November 1, 2021. (Doc. 12, p. 4.)[2]

Turning to the administrative records, Plaintiff submitted a total of 17 administrative remedies during his time in Bureau of Prisons ("BOP") custody. (Doc. 21, p. 2; Doc. 21-4.) However, none of these administrative remedies were

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

appealed through the final level of administrative review, which is through the

BOP's Central Office.  (*Id*.)

On July 27, 2023, Plaintiff filed remedy 1169879-F1 requesting that a

medical problem be fixed or he be provided monetary compensation.  (Doc. 21-4,

p. 4.)  This was denied on August 1, 2023.  (*Id*.)  Plaintiff appealed the denial on

August 22, 2023 under remedy 1169879-R1.  (*Id*., p. 5.)  This appeal was denied

on November 3, 2023 because the BP-10 form was not acceptable, and he was

given the opportunity to resubmit the appeal.  (*Id*.)  The second appeal was filed on

June 12, 2023 under Remedy 1169879-R2.  (*Id*., p. 4.)  This second appeal was

denied on June 13, 2024 as "See R3," which Defendant states shows that the

remedy was voided because the wrong date had been entered.  (Doc. 21-4, p. 4;

Doc. 21, p. 3.)  The second appeal was correctly resubmitted under remedy

1169879-R3 on June 13, 2024.  (Doc. 21-4, p. 9.)  The appeal was rejected as

untimely, it was illegible, and he did not submit a completed BP-10 form with a set

of carbon copy sheets.  (Doc. 21-4, p. 9; Doc. 21, p. 3.)  Despite the second appeal

being filed late, the denial stated he could resubmit the proper form within ten

days.  (*Id*.)  No additional appeals were filed under this remedy number.

On February 22, 2024, Plaintiff filed remedy 1190830-F1 stating that

Plaintiff had medical concerns.  (Doc. 21-4, p. 6.)  The remedy was denied because

Plaintiff had not provided the necessary evidence of his attempt at informal

resolution, he needed to provide more specific information and was instructed to

resubmit his request in the proper form within five days.  (Doc. 21-4, p. 6; Doc. 21,

p. 4.)  No additional remedy or appeal was filed under this number.  (Doc. 21, p.

4.)

On March 5, 2024, Plaintiff filed remedy 1192017-F1 claiming he was given

the wrong medication and seeking compensation.  (Doc. 21-4, p. 6.)  The remedy

was denied because he had not first attempted informal resolution or provided

evidence that he had attempted informal resolution, and he was told he could

resubmit his request within ten days.  (Doc. 21, pp. 4–5.)  On March 13, 2024,

Plaintiff resubmitted the remedy under 1192017-F2.  (Doc. 21, p. 5; Doc. 21-4, p.

7.)  This remedy was denied on April 5, 2024 with the explanation that monetary

compensation cannot be sought under the administrative remedy program and

referred him to the FTCA.  (*Id*.)  The response allowed Plaintiff to appeal to the

Regional Office within 20 calendar days.  (Doc. 21, p. 5.)  The Regional Office

received the appeal 1192017-R1 on April 24, 2024 and rejected it on April 30,

2024 because he did not submit the proper form and did not provide a copy of his

institutional remedy request.  (Doc. 21-4, p. 7; Doc. 21, p. 5.)  The Regional Office

received Plaintiff's resubmission under 1192017-R2 on May 15, 2024 and it was

rejected as untimely as the resubmission was due by May 10, 2024.  (Doc. 21, pp.

5–6; Doc. 21-4, p. 8.)  Plaintiff resubmitted the remedy again on June 10, 2025

under 1192017-R3, and it was rejected for failing to follow the instructions on his previous rejections among other reasons.  (Doc. 21, p. 6; Doc. 21-4, p. 8.)  The Regional Office granted him ten days to resubmit his appeal.  (*Id.*)  Plaintiff submitted no additional administrative remedies concerning his remedy.  (Doc. 21, p. 6.)

On August 14, 2024, Plaintiff filed remedy 1209063-F1 requesting the medical repair of his stomach.  (Doc. 21, p. 6; Doc. 21-4, p. 9.)  This was denied on August 22, 2024.  (*Id.*)  The regional office received Plaintiff's appeal under 1209063-R1 on September 26, 2024, but it was rejected as untimely on September 30, 2024.  (Doc. 21, p. 7; Doc. 21-4, p. 10.)  Plaintiff was granted ten days to resubmit the remedy with an explanation that the untimely submission was not his fault.  (*Id.*)  There were no further filings associated with this remedy.  (Doc. 21, p. 7; Doc. 21-4.)

### 3.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.  *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).  Proper exhaustion is mandatory even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative

system.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  However, there are

situations in which a grievance procedure may be rendered "unavailable" to an

inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross*,

578 U.S. at 643–44, when intimidation by means of "serious threats of retaliation

and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d

257, 266–67 (3rd Cir. 2018), or when a prison has "rendered its administrative

remedies unavailable . . . when it failed to timely (by its own procedural rules)

respond to [an inmate's] grievance and then repeatedly ignored his follow-up

requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*,

831 F.3d 148, 154 (3d Cir. 2016).

Under Third Circuit precedent, "exhaustion is a question of law to be

determined by a judge, even if that determination requires the resolution of

disputed facts."  *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citing

*Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010)); *see also Drippe*, 604 F.3d

at 781 ("Juries decide cases, not issues of judicial traffic control.  Until the issue of

exhaustion is resolved, the court cannot know whether it is to decide the case or the

prison authorities are to.") (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir.

2008)); *cf. Wilkerson v. United States*, No. 3:13-1499, 2014 WL 1653249, at *9

(M.D. Pa. Apr. 24, 2014) ("[I]f there is a dispute of material fact, the court should

conduct a plenary trial on the contested facts prior to making [an exhaustion of

administrative remedies] determination.").  "Although the availability of

administrative remedies to a prisoner is a question of law, it necessarily involves a

factual inquiry."  *Small*, 728 F.3d at 271 (citations omitted).

The BOP has a multi-step administrative remedy program allowing an

inmate "to seek formal review of an issue relating to any aspect of his/her own

confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt

informal resolution of the issue with the appropriate staff member.  *See id*. §

542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal

written grievance, using the BP-9 form, to the Warden within twenty (20) calendar

days "following the date on which the basis for the Request occurred."  *See id*. §

542.14(a).  The Warden is to respond to the request within twenty (20) calendar

days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may

appeal, using the BP-10 form, "to the appropriate Regional Director within 20

calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).

Finally, an inmate may appeal the Regional Director's response, using the BP-11

form, to the BOP's General Counsel "within 30 calendar days of the date the

Regional Director signed the response."  *See id*.

Here, Defendant has submitted evidence establishing that Plaintiff has not

exhausted his administrative remedies.  Plaintiff never appealed any of his

administrative remedies to the BOP's General Counsel.  Plaintiff has provided no

evidence in response to Defendant's evidence.  Therefore, the court will grant

Defendant's motion for summary judgment based on Plaintiff's failure to exhaust

his administrative remedies.

### CONCLUSION

Based on the afore mentioned reasons, the court will grant Defendant's

motion, grant judgement in favor of Defendant, and close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 23, 2026